UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONIEL ANTWAN CARTER,

               Plaintiff,

v.                                               Case No. 18-cv-658-pp-WED

MICHAEL RUBLEE, *et al.*,

               Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH COSTS (DKT. NO. 35), DISMISSING PLAINTIFF'S CASE WITH PREJUDICE FOR LACK OF DILIGENT PROSECUTION AND ORDERING THE PLAINTIFF TO PAY DEFENDANTS' COSTS**

---

On May 15, 2019, the defendants moved to dismiss this case based on the plaintiff's failure to respond to their discovery requests and to participate meaningfully in a deposition after the plaintiff cancelled his first deposition and left his second before it had completed. Dkt. No. 27. On June 10, 2019, when the plaintiff had failed to respond to the motion to dismiss, Magistrate Judge William E. Duffin (to whom the case was assigned for pretrial case management) ordered the plaintiff to show cause why the court shouldn't dismiss the case. Dkt. No. 31. The plaintiff responded to the show-cause order (saying that he felt bullied and mistreated by the lawyers, and asked Judge Duffin to appoint a lawyer for him), dkt. no. 32, and on July 1, 2019, Judge Duffin denied the motion to dismiss, dkt. no. 33. He also denied the plaintiff's motion to appoint counsel, noting that the plaintiff had not demonstrated that he'd tried to find a lawyer on his own, and had not shown that the case was so complicated that he could not handle it himself. Id. at 3. Finally, Judge Duffin also ordered the plaintiff to respond to the defendants' discovery requests within thirty days, to meaningfully participate in a

1

third deposition and to pay a $50 fine at the third deposition as a sanction for failure to cooperate during the second. Id. at 2-3. Judge Duffin warned the plaintiff that if he failed to comply with any part of the order, the court would dismiss the case. Id. at 4.

On August 15, 2019, Judge Duffin held a telephonic status conference. Dkt. No. 34. The plaintiff did not appear for the conference. Id. at 2. The defendants notified Judge Duffin that although the plaintiff had agreed to a date for his third deposition, and although they had sent him notice via text message and certified mail of the deposition six days before the date scheduled for the deposition, the plaintiff had not appeared for the deposition. Id.

On August 26, 2019, the defendants filed a renewed motion to dismiss, requesting an award of costs. Dkt. No. 35. The defendants assert that dismissal is appropriate under Federal Rule of Civil Procedure 41(b) because the plaintiff has refused to cooperate with the discovery process and has not complied with the court's orders. Dkt. No. 36 at 5. The defendants also seek reimbursement of $763.30 in costs for the second and third depositions under Fed. R. Civ. P. 54(d)(1). Id. at 6-7. The defendants note that the plaintiff is no longer incarcerated and has gainful employment. Id. at 6.

The court has discretion to dismiss a case as a sanction for the plaintiff's behavior. Greyer v. Ill. Dep't of Corr., 933 F.3d 871, 880 (7th Cir. 2019) ("[D]istrict courts remain empowered to sanction extreme bad-faith conduct."). Any sanction, including dismissal, must be proportionate to the circumstances. Donelson v. Hardy, 931 F.3d 565, 569 (7th Cir. 2019) (discussing the factors relevant when considering whether to dismiss a case). The court may consider factors including the extent of the party's misconduct, the ineffectiveness of lesser sanctions, any harm from the misconduct and the strength of the case. Id.

Judge Duffin warned the plaintiff that the court would dismiss the case if he failed to comply with any part of the July 1, 2019, order. The warning was not effective; the plaintiff does not appear to have complied with any part of the order and didn't appear for the scheduled telephonic status conference on August 15, 2019. The plaintiff's failure to appear alone is a ground for the court to impose sanctions. See Fed. R. Civ. P. 16(f)(1)(A). The plaintiff also failed to respond to the defendants' motion to dismiss, which gives the court cause to grant the defendants' motion. See Civil L.R. 7(d) ("Failure to file either a supporting memorandum or other papers . . . is sufficient cause for the Court to deny the motion.") Nor did the plaintiff respond to the defendants' first motion to dismiss, until Judge Duffin issued a show-cause order.

The case has been pending for over seventeen months, and it has been four months since the plaintiff's response to the defendants' first motion to dismiss was due. Judge Duffin set a deadline of May 3, 2019 for the parties to complete discovery, including depositions, but the defendants haven't been able to meet that deadline because of the plaintiff's actions (or inaction). The case has been unable to move forward because of the plaintiff's failure to cooperate with discovery or to respond to motions. The plaintiff brought the lawsuit. If he wants relief from the court, he must comply with the local and federal rules, and he must comply with the court's orders.

Because the plaintiff has shown bad faith by refusing to cooperate with discovery, failing to comply with court orders and failing to appear for at least one hearing, dismissal with prejudice is an appropriate sanction. Fed. R. Civ. P. 41(b); Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice). The court also will order the plaintiff to pay the

defendants' costs under Fed. R Civ. P. 54(d)(1). See Donelson, 931 F.3d at 570 ("Because the district court dismissed the suit with prejudice, the defendants were prevailing parties entitled to costs.").

The court **GRANTS** the defendants' motion to dismiss. Dkt. No. 35.

The court **ORDERS** that the case is **DISMISSED WITH PREJUDICE** based on the plaintiff's failure to diligently prosecute it. The court will enter judgment accordingly.

The court **GRANTS** the defendants' motion for an award of costs. Dkt. No. 35. The court **ORDERS** that within fourteen days of the date of this order, the defendants must file and serve on the plaintiff a bill of costs. See Civil L.R. 54(a)(1). The plaintiff must file any objection to the bill of costs within fourteen days of receiving it, and the defendants may file a reply within seven days of the response. See Civil L.R. 54(a)(3).

Dated in Milwaukee, Wisconsin this 10th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**